GEORGE W. WRIGHT & ASSOCIATES, LLC
505 Main Street, Suite 106
Hackensack, New Jersey 07601
(201) 342-8884

Attorneys for Plaintiff

| | |
|---|---|
| EUKOR CAR CARRIERS, INC., <br><br> Plaintiff, <br><br> v <br><br> ATI USA INC., ATI CONTAINER SERVICES, LLC and MJ GROUP LIMITED – MORGAN JONES, LLC, <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Civil Action No. <br><br> **COMPLAINT** |

Plaintiff, EUKOR CAR CARRIERS, INC., by its attorneys, George W. Wright & Associates, LLC, as and for a Complaint against defendants, ATI USA INC., ATI CONTAINER SERVICES, LLC and MJ GROUP LIMITED – MORGAN JONES, LLC, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, annexed to the Federal Rules of Civil Procedure.

2. Plaintiff EUKOR CAR CARRIERS INC. ("EUKOR") was at all times relevant to this action a corporation organized and existing under and by virtue of the laws of a foreign country, and was and is a common carrier of merchandise by water for hire with an office and place of business at #430, 1 Bridge Plaza North, Fort Lee, New Jersey 07024.

3. Defendant ATI USA INC. ("ATI USA") was at all times relevant to this action a corporation organized and existing under and by virtue of the laws of New Jersey, and

was and is a Non Vessel Operating Common Carrier and/or freight forwarder with an office and principal place of business at Suite 2, 1201 Corbin Street, Elizabeth, NJ 07201.

4. Defendant MJ GROUP LIMITED – MORGAN JONES, LLC ("MJ GROUP") was at all times relevant to this action a corporation organized and existing under and by virtue of the laws of New Jersey, and was and is a Non Vessel Operating Common Carrier and/or freight forwarder with an office and principal place of business at Suite 2, 1201 Corbin Street, Elizabeth, NJ 07201.

5. Defendant ATI CONTAINER SERVICES, LLC ("ATI CONTAINER SERVICES") was at all times relevant to this action a corporation organized and existing under and by virtue of the laws of one of the states of the United States, and was and is a Non Vessel Operating Common Carrier and/or freight forwarder with an office and principal place of business at 11700 Northwest 36th Avenue, Miami, FL 33167.

6. Defendant MJ GROUP is an alter ego of defendant ATI USA. The two companies operate out of the same office at Suite 2, 1201 Corbin Street, Elizabeth, NJ 07201, using nearly identical personnel and acting as essentially one and the same entity. The two companies are dominated and controlled by one Ricardo Furfaro (a/k/a Oscar Furfaro), who is identified as the Manager of each entity on its respective website.

7. The defendants are subject to the personal jurisdiction of this Honorable Court by virtue of the presence within this District of their office and place of business at Suite 2, 1201 Corbin Street, Elizabeth, NJ 07201 and/or by virtue of a forum selection clause in a contract between plaintiff and the defendants providing for suit to be brought "in a state or federal court in the State of New Jersey."

8. In addition, the defendants all engaged in purposeful activity in this state by *inter alia* (A) delivering automobiles and other motorized vehicles to plaintiff in this state for shipment from and through ports in this state to ports in foreign countries, (B) accepting bills of lading issued by plaintiff for the vehicles so shipped, and (C) by making certain payments or partial payments to plaintiff's bank account located in this state.

9. From time to time during the years from 2009 to 2012 inclusive, and on prior occasions as well, ATI USA, MJ GROUP and ATI CONTAINER SERVICES agreed to ship and EUKOR agreed to carry automobiles and other motorized vehicles from ports in the United States to ports in foreign countries pursuant to bills of lading contracts of carriage that required said defendants to pay ocean freight and other charges to EUKOR for the maritime transportation services it provided.

10. EUKOR duly performed all of its duties and obligations under the aforementioned bills of lading contracts of carriage and is legally and contractually entitled to receive and be paid the ocean freight and other charges due thereunder.

11. In or about August 2012, EUKOR determined that the amount the defendants owed for the aforementioned transportation services was $4,545,779.66. In an email from Mr. Furfaro dated August 20, 2012, the defendants themselves conceded a "short fall" in payments to EUKOR in the amount of $2,712,493.38.

12. Concerned about the substantial size of defendants' indebtedness, EUKOR requested a meeting at its office in Fort Lee, NJ, which was attended by Mr. Furfaro and an attorney named Gerry Doyle on September 5, 2012 (hereinafter "the Meeting").

13. At the Meeting, the defendants disagreed with EUKOR about the amount of their indebtedness to EUKOR and contended that EUKOR owed money to one or more of the

defendants for certain items, unrelated to EUKOR's ocean freight and other charges, although allegedly arising out of some of the same shipments.

    14.    At the conclusion of the Meeting, plaintiff and the defendants reached a binding and enforceable "Payment Agreement," which required the parties to do the following:

> "The parties will agree on the outstanding freight balance owed to Eukor by ATI and related companies by Sept, 14, 2012.
>
> The parties will agree on the amounts due for compensation and credits owed to ATI by Eukor by Sept, 21, 2012.
>
> ATI will pay US$ 1 Million by 12/31/2012.
>
> ATI will pay the amounts agreed item 1, above, less the amounts owed in item 2; less the US$ 1 million by March 31, 2013.
>
> This agreement shall be governed by Law of New York. Any claim or dispute arising under or related to this payment shall be brought in a state or federal court in the State of New Jersey."

The Payment Agreement was signed by Harry (H.S.) Lee on behalf of EUKOR and by Mr. Furfaro on behalf of the defendants. Mr. Doyle was present throughout the meeting at which the Payment Agreement was negotiated and signed.

    15.    Despite the terms of the Payment Agreement, EUKOR and the defendants did not reach agreement by the stated deadlines on the outstanding freight balance owed to EUKOR by the defendants and related companies or on the amounts due for compensation and credits owed to ATI by EUKOR, if any, through no fault or wrongdoing on the part of EUKOR. However, EUKOR continued to assemble and analyze documents to enable it to determine the outstanding freight balance owed to EUKOR by the defendants and related companies.

    16.    By email dated September 28, 2012, EUKOR advised the defendants that EUKOR had determined that they owed $4,056,363.86.

17. Various attempts by EUKOR to have the defendants agree to the amount they owed were unsuccessful due to a lack of any meaningful response from the defendants.

18. After further careful analysis of various documents related to the aforementioned transportation of vehicles for the defendants and related companies, EUKOR determined that the defendants owed a total of $4,186,759.82, which amount was communicated by EUKOR to the defendants by email on December 20, 2012.

19. As reflected in the Payment Agreement, the defendants agreed to pay EUKOR $1,000,000 by December 31, 2012. However, in the weeks leading up to that deadline, the defendants manifested no indication that they were willing to pay EUKOR that amount or, indeed, any amount at all. Instead, in a letter dated December 19, 2012, the defendants took the position that their "undertaking," as stated in the Payment Agreement, was "inoperative."

20. By letter dated January 7, 2013, EUKOR expressly rejected the defendants' position that the Payment Agreement was inoperative. Rather, EUKOR contends the Payment Agreement remains binding and required the defendants to pay EUKOR $1,000,000 by December 31, 2012, which the defendants failed to do, in breach of the Payment Agreement.

21. The defendants' breach of their obligations under the Payment Agreement has caused EUKOR substantial damages and threatens to cause additional damages in the future. Apart from the amount of $1,000,000 that was due and owing to EUKOR on December 31, 2012, the amount of such damages will be proven at trial or otherwise in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 herein.

23. Pursuant to the Payment Agreement, the defendants owed a payment to EUKOR in the amount of $1,000,000, which they have failed to make, without justification and in breach of said Agreement.

24. Pursuant to the Payment Agreement, EUKOR seeks judgment against the defendants in the amount of $1,000,000 plus interest and costs. EUKOR reserves its right to seek judgment against the defendants for additional sums in accordance with further proceedings in this action.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 herein.

26. Plaintiff has provided the defendants with documents substantiating plaintiff's contention that defendants owe $4,186,759.82 and defendants have failed and refused to respond substantively to plaintiff's position. If defendants have not paid that sum to plaintiff by the deadline of March 31, 2013 set forth in the Payment Agreement, then defendants will be in breach of the Payment Agreement as of that date as well and the Court should enter judgment against them for the amount of $4,186,759.82, minus any amounts that defendants have paid by that date and/or any amount the Court has previously ordered, adjudged and decreed should be paid by defendants to plaintiff pursuant to the First Cause of Action pleaded herein.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 herein.

28. Although it was fully within their power to do so, and despite demand by EUKOR, the defendants have failed and refused to reach agreement with EUKOR on the

outstanding freight balance they owe, even though they contractually agreed to do so by September 14, 2012.

29. EUKOR has performed its obligations under the Payment Agreement by timely supplying to defendants the information EUKOR believes is reasonably necessary for both parties to have determined the amount of the outstanding freight balance which is due and owing from defendants. Since September 5, 2012 and through and including September 14, 2012, and ever since, EUKOR has stood and remains ready, willing and able to reach an agreement with defendants on the amount of the outstanding freight balance. However, despite demand from EUKOR, the defendants have failed to exercise good faith and fair dealing insofar as they have failed and refused to respond conclusively to EUKOR's statements concerning the amount EUKOR contended was the outstanding freight balance due it.

30. Although it was fully within their power to do so, and despite demand by EUKOR, the defendants have also failed and refused to reach agreement with EUKOR on the amounts defendants claim are due them for "compensation and credits," as that phrase is used in paragraph 2 of the Payment Agreement. EUKOR has stood and remains ready, willing and able to come to an agreement with defendants as to the correct amount of the above-mentioned "compensation and credits." However, the defendants have failed to exercise good faith and fair dealing by failing to provide specific monetary amounts and related documentation concerning any sums they claim were due them for "compensation and credits," as that phrase is used in paragraph 2 of the Payment Agreement.

31. By failing to negotiate in good faith with EUKOR to reach agreement as to the amount of the outstanding freight balance and as to the amount of "compensation and credits," as that phrase is used in paragraph 2 of the Payment Agreement, defendants have

breached the Payment Agreement as well as their obligations under New York law to act in good faith and to deal fairly with EUKOR.

32. EUKOR has no adequate remedy at law for, and absent relief from the Court, will be irreparably harmed by defendants' breach of their obligations to negotiate in good faith and deal fairly to come to an agreement with EUKOR as to the amount of the outstanding freight balance which EUKOR contends is owing and as to the amount of the "compensation and credits," as that phrase is used in paragraph 2 of the Payment Agreement.

33. EUKOR is entitled to an order requiring the defendants to specifically perform their obligations under the Payment Agreement by negotiating and bargaining in good faith to (a) reach agreement with EUKOR on "the outstanding freight charges owed to EUKOR by ATI and related companies," and (b) reach agreement with EUKOR on the "compensation and credits owed to ATI by EUKOR," if any such "compensation and credits" are in fact owed.

WHEREFORE, plaintiff prays:

(A) That process in due form of law according to the usual practice of this Court may issue against the defendants citing them to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the defendants;

(B) That if the defendants, or any of them, cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, annexed to the Federal Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules attaching and restraining all assets of the defendants, or any of them, within the District, including but not limited to any funds held by any garnishee, which

are due and owing to the defendants, or any of them, up to the amount of $1,000,000.00 to secure plaintiff's claims;

(C) That judgment(s) against the defendants be entered in favor of plaintiff for the amount(s) due plaintiff, together with interest and costs;

(D) That an injunction be entered against the defendants in favor of plaintiff requiring defendants to specifically perform their obligations under the Payment Agreement and to negotiate and bargain in good faith and to deal fairly with EUKOR to reach agreement on the amount of the outstanding freight balance due EUKOR and the amount of any "compensation and credits," as that phrase is used in paragraph 2 of the Payment Agreement, due defendants;

(E) For such other and further or different relief as this Court may deem just and proper in the premises.

Dated: January 9, 2013

GEORGE W. WRIGHT & ASSOCIATES, LLC
Attorneys for Plaintiff

By: *George W. Wright*
GEORGE W. WRIGHT