The Law Office of Doyle & Doyle
David Donald Gabel
Gerard S. Doyle, Jr.
636 Morris Turnpike
Short Hills, NJ 07078
(973) 467-4433
Attorneys for Defendant
MJ Group Limited – Morgan Jones, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x

| | |
|---|---|
| **EUKOR CAR CARRIERS, INC.** | Case Number: 2:13 Civ. 00167 (FSH)(JBC) |
| Plaintiff, | |
| v. | **ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM OF DEFENDANT MJ GROUP LIMITED – MORGAN JONES,LLC** |
| A.T.I. U.S.A., INC., ATI CONTAINER SERVICES, LLC and MJ GROUP LIMITED - MORGAN JONES, LLC, | |
| Defendants. | |

-----------------------------------------------------------x

Defendant MJ GROUP LIMITED – MORGAN JONES, LLC ("MJG"), by its attorneys, The Law Office of Doyle & Doyle, as and for its Answer to the Plaintiff's Amended Complaint herein (the "Complaint"), alleges as follows:

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions and do not require a response from Defendant MJG.

2. MJG lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. MJG admits the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, MJG denies that it is a freight forwarder, and admits the remaining allegations contained in Paragraph 4.

5. MJG admits the allegations contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, MJG admits that Mr. Furfaro is identified as a Manager of each entity and that both entities operate out of an office at 1201 Corbin Street, Elizabeth, NJ 07201, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint are legal conclusions and do not require a response from Defendant MJG.

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions and do not require a response from Defendant MJG.

9. In response to Paragraph 9 of the Complaint, MJG admits that it arranged for the transportation of certain cargoes to be transported by Plaintiff, but denies the remaining allegations contained in Paragraph 9 and puts Plaintiff to its proofs with respect to such claims.

10. MJG denies the allegations contained in Paragraph 10 of the Complaint.

11. MJG denies the allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, MJG admits that a meeting took place at Plaintiff's offices on September 5, 2012, but denies the remaining allegations contained in Paragraph 12.

13. In response to Paragraph 13 of the Complaint. MJG admits that it disagreed with the Plaintiff as to amounts allegedly due to Plaintiff and that MJG claimed that amounts were due and owing from Plaintiff to MJG related to certain cargo bookings with Plaintiff, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, upon information and belief MJG admits that A.T.I. U.S.A., Inc. and Eukor executed a document outlining the parties' intent to investigate and agree in good faith on the amounts allegedly due to Plaintiff and/or amounts due and owing from Plaintiff to A.T.I. U.S.A., Inc., and that Mr. Doyle was present as A.T.I. U.S.A., Inc.'s attorney at the meeting, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, MJG admits that the parties have not been able to agree on amounts allegedly due to Plaintiff and/or amounts due and owing from Plaintiff to MJG, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, MJG admits possessing such e-mail from Plaintiff but denies the remaining allegations contained in Paragraph 16.

17. MJG denies the allegations contained in Paragraph 16 of the Complaint.

18. In response to Paragraph 18 of the Complaint, MJG admits possessing such e-mail from Plaintiff but denies the remaining allegations contained in Paragraph 18.

19. Upon information and belief, MJG admits that A.T.I. U.S.A., Inc. sent a letter to Plaintiff identifying Plaintiff's failure to cooperate with A.T.I. U.S.A., Inc. in resolving the accounting dispute between the parties and that due to such breach any obligations on the part of A.T.I. U.S.A., Inc. under any "payment agreement" document with Plaintiff were extinguished, but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, MJG admits possessing such letter from Plaintiff but denies the remaining allegations contained in Paragraph 20.

21. MJG denies the allegations contained in Paragraph 21 of the Complaint.

## FIRST CAUSE OF ACTION

22. MJG repeats, realleges and incorporates by reference its responses to Paragraphs 1-21 of the Complaint.

23. MJG denies the allegations contained in Paragraph 23 of the Complaint.

24. MJG denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

25. MJG repeats, realleges and incorporates by reference its responses to Paragraphs 1-24 of the Complaint.

26. MJG denies the allegations contained in Paragraph 26 of the Complaint.

## THIRD CAUSE OF ACTION

27. MJG repeats, realleges and incorporates by reference its responses to Paragraphs 1-26 of the Complaint.

28. MJG admits that the parties have not agreed on the amounts allegedly due to Plaintiff and the amounts that MJG claimed were due and owing from Plaintiff to MJG related to certain cargo bookings with Plaintiff, but denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. MJG denies the allegations contained in Paragraph 29 of the Complaint.

30. MJG admits that the parties have not agreed on the amounts allegedly due to Plaintiff and the amounts that MJG claimed were due and owing from Plaintiff to MJG related to certain cargo bookings with Plaintiff, but denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. MJG denies the allegations contained in Paragraph 31 of the Complaint.

32. MJG denies the allegations contained in Paragraph 32 of the Complaint.

33. MJG denies the allegations contained in Paragraph 33 of the Complaint.

## FOURTH CAUSE OF ACTION

34. MJG repeats, realleges and incorporates by reference its responses to Paragraphs 1-33 of the Complaint.

35. MJG denies the allegations contained in Paragraph 35 of the Complaint. The Plaintiff has breached its agreements with MJG for the delivery of transportation services by failing to properly deliver and wrongfully releasing certain cargoes.

36. MJG denies the allegations contained in Paragraph 36 of the Complaint. The Plaintiff has breached its agreements with MJG for the delivery of transportation services by failing to properly deliver and wrongfully releasing certain cargoes.

37. MJG lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. MJG denies the allegations contained in Paragraph 38 of the Complaint.

39. MJG denies the allegations contained in Paragraph 39 of the Complaint.

## FIFTH CAUSE OF ACTION

40. MJG repeats, realleges and incorporates by reference its responses to Paragraphs 1-39 of the Complaint.

41. MJG denies the allegations contained in Paragraph 41 of the Complaint. The Plaintiff has breached its agreements with MJG for the delivery of transportation services by failing to properly deliver and wrongfully releasing certain cargoes.

42. MJG denies the allegations contained in Paragraph 42 of the Complaint. The Plaintiff has breached its agreements with MJG for the delivery of transportation services by failing to properly deliver and wrongfully releasing certain cargoes.

43. MJG denies the allegations contained in Paragraph 43of the Complaint.

44. MJG denies the allegations contained in Paragraph 44 of the Complaint.

45. MJG denies the allegations contained in Paragraph 45 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

46. MJG does not owe the amounts alleged.

## SECOND AFFIRMATIVE DEFENSE

47. MJG was a third party beneficiary and authorized user of certain agreements between A.T.I. U.S.A., Inc. and the Plaintiff. The Plaintiff has breached its agreements for the delivery of transportation services by: (a) failing to properly deliver certain cargoes; (b) charging ocean freight and other fees above and beyond those agreed upon by the parties in violation of applicable regulations; and (c) wrongfully releasing certain cargoes. Plaintiff has failed to file any alleged agreements, and/or the rates therein, with

the Federal Maritime Commission, in violation of applicable regulations. The Plaintiff has also failed to pay certain compensation associated with booking cargo with the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

48. The Complaint is barred by Plaintiff's failure to mitigate its alleged damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff's alleged damages, if any, were caused by the Plaintiff, or persons over whom the Defendants had no control.

WHEREFORE Defendant MJ Group Limited – Morgan Jones, LLC requests judgment against the Plaintiff as follows:

(a) Dismissing the Complaint against Defendant MJG on the ground that MJG does not owe the amounts alleged.

(b) Dismissing the Complaint against Defendant MJG on the ground that the Plaintiff has breached its agreements.

(c) Dismissing the Complaint against Defendant MJG on the ground that the Plaintiff has failed to mitigate its alleged damages, if any.

(d) Dismissing the Complaint against Defendant MJG on the ground that the Plaintiff's alleged damages, if any, were caused by Plaintiff itself or persons over whom MJG had no control.

(e) Such other relief as may be proper and just under the circumstances.

7

## COUNTERCLAIM
### (BREACH OF CONTRACT, NEGLIGENCE, GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT)

Defendant MJG, by way of counterclaim against Plaintiff, says:

## COUNT I
### (BREACH OF CONTRACT)

50. MJG repeats and realleges its responses in Paragraphs 1 through 49 of its Answer as if the same were fully set forth herein.

51. A.T.I. U.S.A., Inc. entered into certain agreements with Plaintiff through 2012 under which the Plaintiff was to transport certain cargoes of A.T.I. U.S.A., Inc.'s and MJG's customers to and from particular ports worldwide in exchange for certain consideration. MJG was a third party beneficiary and authorized user of such agreements between A.T.I. U.S.A., Inc. and the Plaintiff.

52. MJG and A.T.I. U.S.A., Inc. duly performed all of their duties and obligations under the agreements.

53. Upon information and belief, Plaintiff breached the agreements by failing or otherwise refusing to transport certain cargoes as required.

54. Upon information and belief, Plaintiff has breached the agreements, and has violated applicable regulations, by charging ocean freight and other fees above and beyond those agreed upon by the parties.

55. Upon information and belief, Plaintiff has failed to file the agreements, and/or the rates therein, with the Federal Maritime Commission, in violation of applicable regulations.

56. Upon information and belief, Plaintiff breached the agreements by wrongfully releasing certain cargoes.

57. Plaintiff's breach of the agreements has damaged MJG.

58. MJG has incurred losses in a sum to be determined at trial caused by or otherwise arising out of Plaintiff's breach of the agreements.

## COUNT II
### (NEGLIGENCE, GROSS NEGLIGENCE AND/OR WILLFUL MISCONDUCT)

59. MJG repeats and realleges its responses in Paragraphs 1 through 58 of its Answer and Counterclaim as if the same were fully set forth herein.

60. Upon information and belief, Plaintiff failed to transport certain cargoes of MJG's customers in violation of relevant standards of care.

61. Upon information and belief, Plaintiff wrongfully released certain cargoes of MJG's customer in violation of relevant standards of care.

62. Upon information and belief, Plaintiff intentionally failed to transport certain cargoes of MJG's customers and/or wrongfully released certain cargoes of MJG's customers.

63. That as a direct and proximate result of the negligent acts or omissions, grossly negligent acts or omissions, and/or willful misconduct, of Plaintiff, MJG has suffered damages in a sum to be determined at trial.

9

WHEREFORE, Defendant MJ Group Limited – Morgan Jones, LLC demands judgment against Plaintiff Eukor Car Carriers, Inc. for a sum to be determined at trial plus interest, reasonable attorney fees and costs.

By: _____
David Donald Gabel
Gerard S. Doyle, Jr.
The Law Office of Doyle & Doyle
Attorneys for Defendant
MJ Group Limited – Morgan Jones, LLC
636 Morris Turnpike
Short Hills, NJ 07078
(973) 467-4433

Dated: November 1, 2013

## CERTIFICATION OF SERVICE

I, David Donald Gabel, attorney for the Defendant, Counterclaimant MJ Group Limited – Morgan Jones, LLC, do hereby certify that a true copy of this Answer and Counterclaim has been mailed to and thus served upon counsel for the Plaintiff as of the date below.

<u>Via ECF and Regular Mail</u>
George W. Wright & Associates, LLC
Attorneys for Plaintiff
505 Main Street, Suite 106
Hackensack, New Jersey 07601
Attn: George W. Wright, Esq.

Burke & Parsons
Attorneys for Plaintiff
100 Park Ave.
New York, NY 10017-5533
Attn; Keith W. Heard, Esq.

Dated: November 1, 2013

_____
David Donald Gabel
The Law Office of Doyle & Doyle
Attorneys for Defendant
MJ Group Limited – Morgan Jones, LLC
636 Morris Turnpike
Short Hills, NJ 07078
(973) 467-4433